## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, PLAINTIFF, | CIVIL ACTION NO. 23-1100 |
| v. | JURY DEMAND |
| J&M INDUSTRIES, INC., DEFENDANT. | |

### COMPLAINT

#### NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act of 1967 (the "ADEA") to correct unlawful employment practices on the basis of age and to povide appropriate relief to Ruth Sweeney ("Ms. Sweeney"). The defendant, J&M Industries, Inc. ("J&M Industries" or "Defendant"), discriminated against Ms. Sweeney when it terminated her employment because of her age (65).

#### JURISDICTION & VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, § 1331, § 1337, § 1343, and § 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§216(c), and 217.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Louisiana.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times Defendant, J&M Industries, a Louisiana corporation, has continuously been doing business in the State of Louisiana and the City of Ponchatoula, and has continuously had at least 20 employees.

5. At all relevant times, J&M Industries has continuously been an employer engaged in an industry affecting commerce under Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

6. More than 30 days before the institution of this action, Ms. Sweeney filed a charge of discrimination with the Commission alleging violations of the ADEA by J&M Industries. All conditions precedent to the institution of this lawsuit have been fulfilled.

CONCILIATION

7. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

STATEMENT OF CLAIMS

8. Since at least 2020, J&M Industries has engaged in unlawful employment practices at its Ponchatoula, Louisiana location in violation of Section 623(a) of the ADEA, 29 U.S.C. § 623(a).

    A. J&M Industries hired Ms. Sweeney in 2001 as a purchasing agent, and she continued in that position until May 2020.

    B. Ms. Sweeney turned 65 years old in January 2020.

    C. In or about December 2019 and continuing to at least February 2020, one or more of Defendant's managers, including Ms. Sweeney's direct supervisor, made remarks to Ms. Sweeney about retiring.

    D. The substance of the remarks made to Ms. Sweeney were: "when are you going to retire," "why don't you retire at 65," and "what is the reason you are not retiring?"

    E. In response to these remarks, Ms. Sweeney told her supervisor that she had no plans to retire.

  F. On or about May 18, 2020, Defendant informed Ms. Sweeney that, due to economic uncertainty, her position of purchasing agent was being eliminated, effective immediately.

  G. Defendant discharged Ms. Sweeney on or about May 18, 2020.

  H. Other than Ms. Sweeney's purchasing agent position, which Defendant claimed to be eliminating, Defendant did not eliminate any other positions in May 2020 due to economic uncertainty.

  I. Less than one month later, on or about June 15, 2020, Defendant hired a new purchasing agent, Joshua Renaud.

  J. Mr. Renaud was 39 years old at the time of hiring.

  K. Mr. Renaud had the same job title as Ms. Sweeney and assumed her job duties.

  L. Defendant's stated reasons for discharging Ms. Sweeney were false or pretextual.

  M. Defendant discriminated against Ms. Sweeney by depriving her of equal employment opportunities and discharging her because of age, in violation of the ADEA.

9. The effect of Defendant's unlawful employment practices complained of herein has been to deprive Ms. Sweeney of equal employment opportunities and otherwise adversely affect her status as an employee based on age in violation of the ADEA.

10.     As a result of Defendant's actions complained of herein, Ms. Sweeney has sustained injuries.

11.     The unlawful employment practices complained of above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining J&M Industries and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against applicants and employees on the basis of age.

B.      Order J&M Industries to institute and carry out policies, practices, and programs that provide equal employment opportunities for individuals 40 years or older and that eradicate the effects of its past and present unlawful employment practices.

C.      Order J&M Industries to post and keep posted the notices required by the ADEA, 29 U.S.C. § 627.

D.      Order J&M Industries to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in accordance with ADEA, 29 U.S.C. § 626(a).

E. Order J&M Industries to make Ms. Sweeney whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay.

F. Order J&M Industries to pay liquidated damages for its willful conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this Complaint that are triable to a jury.

Respectfully submitted,

U.S. Equal Employment Opportunity Commission

**Gwendolyn Young Reams**
Acting General Counsel

**Christopher Lage**
Deputy General Counsel

**Rudy L. Sustaita**
Regional Attorney

**Gregory T. Juge**
Assistant Regional Attorney


/s/ Peter Theis
**Peter Theis**
Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
New Orleans Field Office
500 Poydras Street, Suite 809
New Orleans, LA 70130
Phone: (504) 635-2548
Louisiana Bar No. 34786

**Andrew B. Kingsley**
Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
New Orleans Field Office Hale Boggs Federal Building 500 Poydras Street, Suite 809 New Orleans, LA 70130
Phone: (504) 208-8661
Fax: (504) 595-2886
Louisiana Bar No. 35865

**Elizabeth J. Owen**
Senior Trial Attorney
U.S. Equal Employment Opportunity Commission
New Orleans Field Office
500 Poydras Street, Suite 809
New Orleans, LA 70130
Phone: (504) 635-2535
Louisiana Bar No. 33620

COUNSEL FOR U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**REGISTERED AGENT FOR SERVICE OF PROCESS:**

Maurice Gaudet IV
J & M Industries, Inc.
300 Ponchatoula Pkwy
Ponchatoula, LA 70454